PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. HERMENE-GILDO CLAUDIO, Defendant and Appellant.

No. 2591. Argued February 10, 1926.—Decided February 16, 1926.

*Adrián Agosto* for the appellant. *José E. Figueras, Fiscal*, for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The defendant was convicted of carrying a prohibited weapon upon evidence tending to show that on the date

52

referred to in the complaint, the 14th of October, 1925, the defendant was near a little café in the region known as *Puerto Arturo*, sub-ward The Gandul, addressed himself to the owner of the café telling him or ordering him that he should come forth, as the defendant wanted to speak to him; that the owner of the establishment answered that he could not go out as he was busy at the moment; that then the defendant said, "If you do not come out I will kill you on the spot," drawing a revolver from one of his trousers pockets; that then the owner fled into an interior room and the defendant fired two shots from a revolver which, according to the witnesses, was nickel plated with a white handle.

The pistol was not offered in evidence and this failure is in reality made the ground of the first assignment of error. What the law prohibits is the carrying of any arm or instrument with which bodily injury may be caused. It is the act of carrying a weapon that is prohibited. This act or *res gestae* may be proved in any of the ways known to the law. The act is the primary matter and the production of the pistol is an incidental or secondary matter. Indeed the authorities, where a dangerous instrument is concerned, speak in a way to show that a pistol or the like may be produced, apparently assuming that the production is not a necessary step. The court will, if necessary, take judicial notice (16 C. J. 517) that a weapon used as this one was a pistol and a dangerous one. This matter was considered by us in *People* v. *Julián*, 18 P.R.R. 905, under the Act of 1905 as amended and we do not find anything in the new law which causes us to change our opinion. We have confirmed that decision in the case of *People* v. *Nieves, ante,* page 49. Generally, it being possible, the weapon should be produced.

The appellant drew attention to the fact that he was also being prosecuted for aggravated assault and battery. Apparently appellant maintained that the only double prosecutions that could take place under the act would be for dis-

orderly conduct and carrying a prohibited weapon. This contention is based on section 11 of the Act, which provides:

"Penalties for violations of this Act imposed on persons in a drunken condition or observing disorderly conduct, 'shall be in addition to such penalties as may be imposed for such disorderly conduct."

The total answer to this contention is that the words do not lend themselves to such an interpretation.

The other errors involved the weighing of the evidence. The defendant attempted to prove an alibi and that it was impossible for him to have been at the café. The court found otherwise and we see no reason for reversing the judgment, which must be affirmed.